JAMES C. OTTESON, State Bar No. 157781
jim@agilityiplaw.com
BRANDON BAUM, State Bar No. 121318
brandon@agilityiplaw.com
DAVID A. CAINE, State Bar No. 218074
dacaine@agilityiplaw.com
MICHAEL D. K. NGUYEN, Star Bar No. 264813
mnguyen@agilityiplaw.com

AGILITY IP LAW, LLP
149 Commonwealth Drive
Menlo Park, CA 94025
Telephone: (650) 227-4800
Facsimile: (650) 318-3483

Attorneys for Plaintiff and Counterclaim-Defendant
SPIREON, INC.
(formerly PROCONGPS, INC.)

Robert M. Harkins, Jr. (State Bar No. 179525)
Jennifer Ming (State Bar No. 260367)
SEDGWICK LLP
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
Telephone:   415.781.7900
Facsimile:   415.781.2635

Attorneys for Defendant
CALLPASS TECH, LLC

IT IS SO ORDERED
*Susan Illston*
Judge Susan Illston

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| SPIREON, INC., a Tennessee Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CALLPASS TECH, LLC, a Florida Corporation (d/b/a IGOTCHA GPS), <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. 12-CV-01903 SI <br><br> **SITUPLATION OF DISMISSAL WITHOUT PREJUDICE** <br><br> [Fed R. Civ. P. 41(a)(1)(A)(ii) and (c)] |

1  This stipulation (the "Stipulation") is entered into by and between plaintiff and counterclaim-defendant, Spireon, Inc. ("Spireon"), a Tennessee corporation, on the one hand, and defendant and counterclaimant CallPass Tech, LLC ("CallPass"), a Florida limited liability company, on the other hand, by and through respective counsel of record, as set forth below:

1. On April 17, 2012, Spireon filed a complaint for patent infringement, which initiated the above-captioned proceeding.

2. On June 15, 2012, CallPass filed an answer and counterclaims.

3. On July 5, 2012, Spireon filed an answer to CallPass' counterclaims.

4. Spireon, on the one hand, and CallPass, on the other hand, now wish to dismiss WITHOUT PREJUDICE all claims as against each other in the action, including dismissal of all claims in the complaint by Spireon against CallPass and all counterclaims of CallPass against Spireon.

5. Spireon, on the one hand, and CallPass, on the other hand, now wish to waive the application of Federal Rule of Civil Procedure 41(d) with respect to any claims or counterclaims in any subsequent filed action between the parties pertaining to the subject matter of the above-captioned proceeding.

6. Spireon, on the one hand, and CallPass, on the other hand, agree that they will not base any equitable defenses to any claims or counterclaims, including equitable estoppel and laches, on litigation-related conduct or inactivity during the period when the above-captioned case was pending. Spireon, on the one hand, and CallPass, on the other hand, agree that any such defenses, to the extent they are argued to exist or have existed, are deemed tolled during the period when the above-captioned case was pending.

WHEREFORE, the parties hereby stipulate and agree as follows:

1. All claims in the complaint by plaintiff and counterclaim-defendant, Spireon, Inc. ("Spireon"), a Tennessee corporation, against defendant and counterclaimant CallPass Tech, LLC ("CallPass"), a Florida limited liability company, and all counterclaims in the answer by CallPass against Spireon in the above-captioned case shall be dismissed WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and (c); and

2. This Stipulation, and any order entering this Stipulation, is not an adjudication on the merits of any of the claims or counterclaims that are hereby dismissed without prejudice.

3. Federal Rule of Civil Procedure 41(d) will not apply with respect to any claims or counterclaims in any subsequent filed action between the parties pertaining to the subject matter of the above-captioned proceeding.

4. Spireon and CallPass will not base any equitable defenses to any claims or counterclaims, including equitable estoppel and laches, on litigation-related conduct or inactivity during the period when the above-captioned case was pending. Any such defenses, to the extent they are argued to exist or have existed, are deemed tolled during the period when the above-captioned case was pending.

5. Each of the parties shall bear its or his own costs, expenses and attorneys' fees.

IT IS SO STIPULATED

Dated: March 26, 2014                       Respectfully submitted,

/s/ David A. Caine
James C. Otteson
Brandon Baum
David A. Caine
Michael D. K. Nguyen

AGILITY IP LAW, LLP

Counsel for Plaintiff & Counterclaim-Defendant *Spireon, Inc.*
(formerly *ProconGPS, Inc.*)

Dated: March 26, 2014                       Respectfully submitted,

/s/ Robert M. Harkins, Jr.
Robert M. Harkins, Jr.

SEDGWICK LLP

Counsel for Defendant and Counterclaimant *CallPass Tech, LLC*

**ATTESTATION**

I, David A. Caine, am the ECF User whose ID and password are being used to file this document. In compliance with Local Rule 5-1(i)(3), I hereby attest that Robert M. Harkins, Jr. has concurred in this filing.

Date:  March 26, 2014                        /s/  David A. Caine

STIPULATION OF DISMISSAL WITHOUT PREJUDICE                -3-                CASE NO. 11- CV-03975 SI